## Case No. 15,715.

UNITED STATES v. The MANHATTAN.

[8 Int. Rev. Rec. 114.]

Circuit Court, S. D. New York. 1868.[1]

SHIPPING—PASSENGER ACT.

The requirements of the second section of the passenger act of March 3, 1855 [10 Stat. 715], do not apply to steamships.

[Appeal from the district court of the United States for the Southern district of New York.]

This was an appeal on behalf of the United States from a decree made by Judge Blatchford, dismissing the libel. The Manhattan [Case No. 9,020]. Several cases brought against different steamers involving the same question, are disposed of by this opinion.

Mr. Courtney and Mr. Simons, for the United States.

Ewen, Nash & Gray, for appellees.

NELSON, Circuit Justice. The libel in this case is founded on the second section of the act of congress passed March 3, 1855, which provides the mode and manner of the construction of berths in passenger vessels, and inflicts a penalty of five dollars for each passenger on board such vessel on the voyage. The fifteenth section of the act makes the vessel liable for these penalties as liens on the same. Among the defences set up is an exception to the libel, that the second section of the act does not apply to steamships, and on this ground the libel was dismissed by the court below. We concur in this opinion. The tenth section provides that the "provisions, regulations, penalties and liens of this act, relating to the space in vessels appropriated to the use of passengers, are hereby extended, and made applicable to all spaces appropriated to the use of steerage passengers in vessels propelled in whole or in part by steam;" and the spaces so appropriated to the use of steerage passengers in vessels so propelled and navigated is made subject to the inspection of the collector of the port. It should be observed that the first section, which relates to the spaces to be appropriated to passengers, uses the term "any vessel," as does the second and other sections, without limiting the description to a sailing or steam vessel; and if this term "any vessels" embraces steam vessels, and which position the libellants must maintain in order to succeed, then the tenth section is superfluous and unmeaning. Why apply

---

[1] [Affirming Case No. 9,020.]

the penalties applicable to this first section to steamboats, by special provision, if the term "any vessel" already embraced them? It would be unjust to impute such an absurdity to congress. It is clear that the law-makers understood the act not to apply to steam vessels, unless where so expressed in terms. Decree below affirmed.

---

UNITED STATES v. The MANHATTAN. See Case No. 9,020.